USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __May 26, 2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NEFISSA KRAIEM,**

                **Plaintiff,**

-against-

**JONESTRADING INSTITUTIONAL SERVICES LLC, ET AL.,**

                **Defendants.**

**1:19-cv-05160-ALC**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Nefissa Kraiem ("Plaintiff") brings this action for sex- and gender-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against Defendants Steven Chmielewski, Shlomo Cohen, Gary Cunningham, Alan Hill, David Mazzullo, JonesTrading Institutional Services LLC ("JTIS"), and JonesTrading International Limited ("JTIL")[1] (collectively, "Defendants"). Before the Court is a motion for leave to amend the First Amended Complaint in this action. After careful consideration, the motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

**I.**     **Procedural History**

On May 31, 2019, Nefissa Kraiem ("Plaintiff") filed her initial complaint. *See* ECF No. 1. A pre-motion conference on November 14, 2019 regarding Defendants' anticipated motion to dismiss resulted in an order that, *inter alia*, granted Plaintiff an opportunity to amend the initial complaint. *See* ECF No. 38. Soon thereafter, Plaintiff filed her First Amended Complaint

---

[1] JonesTrading Institutional Services and JonesTrading International Limited (collectively, "Jones").

1

("FAC"). *See* ECF No. 41. Defendants moved to dismiss the FAC, which this Court ultimately granted in part and denied in part ("MTD Opinion and Order"), dismissing several claims and defendants. It also granted Plaintiff limited leave "to replead to correct the deficiencies identified in th[e] Opinion and Order, if she wishes." *See* ECF No. 74 at 30. Furthermore, the MTD Opinion and Order narrowed Plaintiff's viable discrimination and retaliation claims to events during her 2017 business trip to New York City and, to the extent she sought to bring a hostile work environment claim, events in Dallas and Greenwich that occurred before the New York trip. *Id.* at 12–13.

Plaintiff filed her Second Amended Complaint ("SAC"), and Defendants requested a conference regarding the newly proposed complaint, stating that Plaintiff had "directly violate[d] the Court's September 30, 2020 Order" by (1) "naming again" several defendants after they and claims against them had previously been dismissed and (2) adding "factual assertions outside the scope of the 2017 claims." ECF No. 80. Plaintiff denied Defendants' accusations, stating that "[a]ddressing those deficiencies [in the FAC] necessarily require[d] setting forth new facts . . . which support the dismissed causes of action and defendants." ECF No. 82 at 1. The Court then denied Defendants' motion for conference regarding the proposed SAC and directed Plaintiff to file a motion to amend the FAC, to include "specify[ing] why each proposed change [was] warranted in light of the Court's order on the motion to dismiss." ECF No. 83.

On December 31, 2020, Plaintiff filed a motion to amend the FAC. *See* ECF Nos. 87–89. Defendants filed an opposition on February 3, 2021. *See* ECF No. 93. Plaintiff replied on February 12, 2021. *See* ECF No. 94. The Court considers the motion fully briefed.

## II. Factual Background

The Court assumes knowledge of the facts of this case based on prior filings. As for the additional proposed amendments subject to the present motion, they fall into four categories. The first category addresses "a pattern of unlawful conduct that impacted [Kraiem] in [New York] City, rendering each incident making up that pattern actionable." Pl.'s Br. 4–5. She adds allegations that certain Defendants engaged in discriminatory conduct before and after her 2017 business trip to New York City. *Id.* (SAC ¶¶ 6, 57, 58, 70, 71–78, 79, 80–96). The second category adds facts that certain individual defendants—Hill, Mazzullo, and Chmielewski— "participated in unlawful conduct under the NYCHRL and NYSHRL which impacted Plaintiff in the City." *Id.* at 5–6. These proposed allegations generally seek to show that they are supervisors who aided and abetted or failed to remediate discrimination Kraiem faced at Jones. *Id.* (SAC ¶¶ 19–23, 38, 46, 50, 53, 61–70, 80, 86–96). Plaintiff also "expand[ed] upon . . . a litany of retaliatory acts" directed at her and others close to her "after [she] attempted to seek legal recourse following her constructive discharge." *Id.* at 6 (SAC ¶¶ 7, 26, 98–119). Plaintiff describes the third category as facts alleging that JTIL and Cunningham discriminated and retaliated against her after Cunningham left JTIL and assumed a role at JTIS. *Id.* at 6–7 (SAC ¶¶ 20, 94, 98–119). The fourth and final category encompasses amendments that "either correct[] and/or update[] information set forth in the FAC or address[] information gleaned and/or arising after the filing of the FAC." *Id.* at 7.

## DISCUSSION

Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that a party "may amend its pleading once as a matter of course[,]" Fed. R. Civ. P. 15(a)(1), but "[i]n all other cases, a party may amend its pleading only with the opposing

party's written consent or the court's leave." *Id.* at 15(a)(2). Rule 15(a)(2) further instructs district courts to "freely give leave [to amend] when justice so requires." *Id.* The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10). "This permissive standard is [also] consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Wang v. King*, No. 19 Civ. 8948, 2020 WL 417690, at *3 (S.D.N.Y. Jan. 27, 2020) (slip op.) (internal quotation marks omitted) (alteration in original). "When a claim is dismissed because of pleading deficiencies, the usual remedy is to permit a plaintiff to amend [her] complaint." *A.I.B. Express, Inc. v. FedEx Corp.*, 358 F.Supp.2d 239, 254 (S.D.N.Y. 2004).

Nonetheless, district courts may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Foman*, 371 U.S. at 182. "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where a claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In "[d]etermining whether a complaint states a plausible claim . . . [t]he court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's

favor." *Gillespie v. St. Regis Residence Club, New York Inc.*, No. 16-cv-9390, 2019 WL 4747185, at *4 (S.D.N.Y. Sept. 30, 2019) (citing *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam)).

### A. Leave to Replead

As a preliminary matter, the Court will address the parties' dispute about whether the proposed SAC exceeds the limited leave granted to correct the deficiencies in the FAC. Defendants argue that the proposed SAC went beyond the Court's instruction and contains new facts that do not bear on the pleading deficiencies identified in the MTD Opinion and Order. To promote judicial efficiency and fairness in light of the fact that Plaintiff has given no indication that she is operating in bad faith, discovery has not yet begun, the SAC adds no new parties, and adds no new causes of action (just new theories of liability), and therefore Defendants would not face undue prejudice or delay at this early stage in the litigation, the Court will exercise its discretion and consider the proposed SAC in its entirety.[2] The Court accepts the facts in the proposed complaint as true for purposes of this motion.

Plaintiff's motion seeks leave to amend to plead that Hill, Mazzullo, and Chmielewski are (1) aiders and abettors, (2) that they are individually liable as "employers," and (3) that JTIL and Cunningham are liable for retaliatory conduct that falls outside the scope of the forum selection clause.[3] The Court concludes that (1) Plaintiff has sufficiently pled that only Mazzullo aided and abetted a hostile work environment under the NYSHRL and NYCHRL, (2) none of the individuals are "employers" within the meaning of the NYSHRL and NYCHRL, and (3) that the

---

[2] Should Plaintiff endeavor to supplement her pleadings with events or occurrences that have taken place after the filing of the FAC, the Court will consider whether Plaintiff may supplement her pleadings upon receipt of a separate motion pursuant to Fed. R. Civ. P. 15(d).

[3] The MTD Opinion and Order identified other deficiencies—(1) time-barred discrimination and retaliation claims under Title VII and (2) the dismissed retaliation claim against Cohen—which the proposed SAC does not appear to take the opportunity to cure.

5

proposed amendments do not plead viable retaliation claims against JTIL and Cunningham (and thus does not reach the forum selection clause issue). For these reasons, the motion is GRANTED for proposed amendments that state a viable aiding and abetting claim against Mazzullo but is DENIED as to all other proposed amendments related to Hill, Chmielewski, JTIL, and Cunningham.

### B. Aiding and Abetting Liability

The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y. Exec. Law § 296(6). The Second Circuit has construed this language to allow a co-worker who "actually participates in the conduct giving rise to a discrimination claim" to be held personally liable under the NYSHRL even though that co-worker lacked the authority to either hire or fire the plaintiff. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998) (quoting *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542 (1984)) (citation omitted). "To 'actually participate' in the discrimination, however, an individual employee need not himself take part in the primary violation. *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F.Supp.2d 376, 380–81 (S.D.N.Y. 1999). Some district courts in the Second Circuit "have refused to dismiss 'aiding and abetting' claims against supervisors who were informed about offensive conduct but failed to take appropriate investigative or remedial measures." *Id.* at 382–84 (collecting cases). "The same standards of analysis used to evaluate aiding and abetting claims under the NYSHRL apply to such claims under the NYCHRL because the language of the two laws is 'virtually identical.'" *Feingold v. New York*, 366 F.3d 138, 158–59 (2d Cir. 2004) (collecting cases).

Plaintiff sufficiently alleges that Mazzullo aided and abetted the hostile work environment at Jones. This Court has already concluded that Kraiem's hostile work environment claim against Jones for conduct encompassing the Dallas, Greenwich, and New York incidents would survive dismissal. Aiding and abetting is only a viable theory where an underlying violation has taken place. *See Osborne v. Moody's Invs. Serv., Inc.*, No. 1:17-CV-01859, 2018 WL 1441392, at *7 (S.D.N.Y. Mar. 22, 2018) (citing *Falchenberg v. New York State Dep't of Educ.*, 338 Fed.Appx. 11, 14 (2d Cir. 2009) (summary order)). Mazzullo actively participated in the underlying violation. The proposed SAC alleges that during the Dallas trip in April 2017 (a few months before the New York business trip) Mazzullo hugged Plaintiff, grabbed her waist, repeatedly asked if he could return to her hotel room, and made derogatory remarks toward her and about her to others. SAC ¶¶ 50–52, 54. Plaintiff also alleges that she reported his conduct to her direct supervisor, Cunningham, and just two weeks later, Mazzullo told certain Jones employees that Kraiem was "not his type." *Id.* ¶¶ 56. Taking as true her allegations that Mazzullo engaged in discriminatory acts that contributed to that hostile work environment, *id.* ¶¶ 58–70, at this stage, the Court concludes that the proposed complaint adequately allege an aiding and abetting claim. This conclusion comes with the caveat that if Mazzullo was a JTIL employee, which is unclear from the proposed complaint, he could invoke the forum selection clause.

On the other hand, the proposed SAC is not sufficient to state claims against Hill and Chmieleski under an aider and abettor theory. It fails to plead that they personally engaged in any harassing or retaliatory conduct that had an impact on Plaintiff within New York City leading up to her termination. This Court previously "winnowed Kraiem's colorable claims down to those in New York City during her July 2017 business trip and a hostile work environment encompassing her New York, Dallas and Greenwich allegations." ECF No. 74 at

18–20. For the reasons detailed there (principally that the FAC lacked the requisite impact in New York City), the proposed amendments alleging that Hill and Chmielewski discriminated or retaliated against Kraiem after she returned to London are futile. Regarding incidents leading up to her termination, the proposed SAC alleges that Hill and Chmielewski "observed" some of Mazzullo's harassment toward Plaintiff outside New York City and "did not take any action to rectify the situation." SAC ¶¶ 50. The Court understands that the New York human rights laws permit supervisors to be held liable as aiders and abettors for failure to remediate or investigate offensive conduct reported to them. *See Triborough Bridge*, 77 F.Supp.2d at 381–84. But any individual claims against them are still not viable because the proposed SAC makes the conclusory statement that they merely "observed" Mazzullo's alleged harassment with no mention of the circumstances surrounding, for instance, how or when they became aware of the incidents or whether their inaction was part of any ongoing policy or practice of discrimination. Without more, these conclusory assertions fail to plausibly demonstrate that these individuals aided and abetted discrimination and retaliation that impacted Plaintiff in New York City.

Having determined that Plaintiff only has a cognizable hostile work environment claim against Mazzullo for aiding and abetting, the Court turns to whether any of these three defendants are directly liable. The Court concludes that the proposed amendments do not state a claim for relief against any of the three individual defendants. The motion is DENIED as to these proposed amendments.

### C. Direct Individual Liability

The NYSHRL makes it unlawful for an employer to discriminate on the basis of, *inter alia*, race, creed, color, military status, or sex. *See* N.Y. Exec. Law § 296. "The HRL . . . 'provides no clue to whether individual employees of a corporate employer may be sued under

its provisions.'" *Tomka*, 66 F.3d at 1317. Under the HRL, an employee can be held individually liable when he "ha[s] any ownership interest" or "any power to do more than carry out personnel decisions made by others." *Patrowich*, 63 N.Y.2d at 542. Courts in the Second Circuit also apply the factor-based "economic reality test," which balances whether the purported employer "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016), *certified question accepted sub nom. Griffin, Michael Godwin v. Sirva, Inc.*, 28 N.Y.3d 956 (2016), and *certified question answered*, 29 N.Y.3d 174 (2017) (quoting *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999)). Under the NYCHRL, there is a "broader basis for direct individual liability," such that employees can be held liable "regardless of ownership or decisionmaking power." *Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F.Supp.3d 379, 395 (S.D.N.Y. 2019) (quoting *Malena v. Victoria Secret Direct, LLC*, 886 F.Supp.2d 349, 366 (S.D.N.Y. 2012) (citations omitted); *see also* N.Y.C. Admin. Code § 8-107(1)(a) ("It shall be an unlawful discriminatory practice [f]or an . . . employee or agent thereof . . . .). Liability under both the NYSHRL and NYCHRL is limited to those individual employees "who actually participate[d] in the conduct giving rise to plaintiff's claim." *Tomka,* 66 F.3d at 1317 (citations omitted).

The proposed SAC contains no particular facts that would suggest that Hill, Mazzullo, or Chmielewski had an ownership interest in Jones or the power to make personnel decisions themselves. The proposed SAC adds allegations that Hill signed Kraiem's employment contract and termination letter. SAC ¶¶ 23. But even when viewed favorably in light of the rest of the

proposed SAC, that fact would make it possible, not plausible, that Hill personally had the power to hire and fire Kraiem.

Further, Plaintiff sets forth no non-conclusory statements that he supervised or controlled her work schedule or conditions of employment, determined the rate or method of her payment, or maintained employment records. The proposed SAC merely adds general statements calling Mazzullo, Hill, and Chmielewski supervisors and parroting language from the "economic reality test," namely that they each "held the authority to hire and fire Jones' employees, supervise and control employee work schedule and/or conditions of employment, provide bonuses, and maintain employment records." *Id.* ¶¶ 19–23. These facts are therefore not sufficient to plead that Hill, Mazzullo, and Chmielewski are personally liable as employers under the relevant tests. Even if the Court concluded that they were employers, the proposed complaint still would not have pled that they personally engaged in any conduct with an impact in New York. *See McLeod v. Jewish Guild For The Blind*, 864 F.3d 154, 157 (2d Cir. 2017) (quoting *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289 (2010)) ("the NYSHR and NYCHRL . . . afford protections . . . to [nonresident] discrimination plaintiffs who can 'plead and prove that the alleged discriminatory conduct had an impact' within the state and city respectively."). Thus, under the New York human rights laws, those proposed amendments are futile.

Plaintiff relies on *Canosa v. Ziff*, No. 18 Civ. 4115, 2019 WL 498865 (S.D.N.Y. 2019) to argue that "an individual discriminatory act need not have impacted a plaintiff in [New York] City to be actionable" under the continuing violation doctrine. Pl.'s Br. at 11–13. This proposition mischaracterizes that case and the "impact" requirement. As Defendants point out in their opposition, the plaintiff in *Canosa* did successfully demonstrate an impact in New York City, alleging repeated instances of sexual harassment within New York on five occasions over a

four-year period. *Canosa* at *17. Thus, that court determined that plaintiff "worked for [defendant] in New York City." *Id*. The *Canosa* court also concluded that plaintiff had pled "far more" than the *Hoffman* plaintiff who was a Georgia resident who solely pled that the decision to terminate him was made in New York. *Id.* Plaintiff here has not pled enough to demonstrate that Hill, Mazzullo, and Chmielewski individually and directly engaged in any conduct that had an impact within New York City, which would be a prerequisite to any continuing violation against them. As a result, conduct by Hill, Mazzullo, and Chmielewski (which occurred solely outside of New York City) would not be actionable.

For similar reasons, the Court is not persuaded by Plaintiff's reference to *Jarusauskaite v. Almod Diamonds, Ltd.*, No. 154732/2019, 2020 WL 3618936 (N.Y. Sup. Ct. June 26, 2020). There, a Mexico-based plaintiff had sufficiently pled an impact in New York because, *inter alia*, the defendant's offensive conduct "emanated from" New York, she traveled to New York to complain at headquarters in person and was humiliated while there, and she made complaints to employees based in New York, including the CEO, Board of Directors, general counsel, and Human Resources Department. *Id.* at **24–25. The New York Supreme Court then wrote that the state legislature "did not intend that a New York City employer would escape liability for creating a pervasive hostile work environment that extended from New York City beyond its boundaries." *Id.* at **25. The proposed SAC contains no allegations that Hill, Mazzullo, or Chmielewski worked in New York or that they made derogatory comments from New York. And, as pled, Kraiem has not shown that any of these individuals created a "pervasive hostile work environment" specifically in New York. The proposed allegations related to Hill, Chmielewski, and Mazzullo relate to events in London or places other than New York.

**III.     Retaliation Claims Against JTIL and Cunningham**

The Court is unpersuaded by the proposed amendments alleging that JTIL and Cunningham retaliated against Plaintiff because they, as mentioned earlier, fail to cure prior pleading deficiencies. This Court dismissed Plaintiff's Title VII claims as to events occurring in London because Kraiem is not employed in the United States within the meaning of the statute. ECF No. 74 at 15–17. None of the proposed amendments, which remain based on events in London while Kraiem was in London, would plead that she was employed in the United States or satisfy the "primary workstation" or "center of gravity tests." *Id.* With respect to Cunningham, the proposed allegations still fail to adequately allege an impact in New York. Plaintiff adds allegations that Cunningham made negative comments about Kraiem to former clients. SAC ¶¶ 112–113. However, not only has she not sufficiently pled that these clients are based in New York, but also this Court already dismissed claims based on "unspecified future career prospects." ECF No. 74 at 19. The Court therefore concludes that the proposed amendments alleging retaliation against JTIL and Cunningham are futile for failure to cure pleading deficiencies. Because the proposed SAC does not cure the defective retaliation claims against JTIL and Cunningham, the Court will not address whether these defendants may invoke the forum selection clause for conduct alleged after Plaintiff's termination.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the First Amended Complaint is GRANTED in part and DENIED in part. It is GRANTED as to Kraiem's allegations related to her aiding and abetting theory of liability against Mazzullo and DENIED as to all other allegations. The Clerk of Court is respectfully directed to terminate defendants Hill, Chmielewski, JTIL, and Cunningham from the case.

**SO ORDERED.**

**Dated:** May 26, 2021
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
United States District Judge