USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ____1/24/2022____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
NEFISSA KRAIEM,     :
                    :
                **Plaintiff,**   :       1:19-CV-5160-ALC-SDA
                    :
      -against-    :       **ORDER**
                    :
JONESTRADING INTERNATIONAL   :
LTD., ET AL.        :
                    :
                **Defendants.**  :
                    :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

    Upon review of the latest version of the Proposed Second Amended Complaint (PSAC) filed by Plaintiff on January 14, 2022 (ECF No. 142-1, 142-2), Defendants' redlined objections to same (ECF No. 144), and the Parties' letters setting forth their positions on the PSAC (ECF Nos. 141, 142), it seems that the disputed paragraphs are all present in the First Amended Complaint (FAC). However, the FAC is the operative complaint in this case. The Court therefore construes Defendants' objections to those paragraphs—¶1, ¶16, ¶21, ¶34, ¶36, ¶39-46, ¶47—as a request to strike those allegations. The request is denied.

    Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1); *see, e.g.*, *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 579 (2d Cir. 1969) ("[T]he motion to strike was much too general in that it did not specify which parts of the ... affidavit should be stricken and why . . . . [T]he motion to strike must be precise."). "To prevail on a [Rule 12(f)] motion to strike, a party must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3)

that to permit the allegations to stand would result in prejudice to the movant." *Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15 CIV. 7425 (JSR), 2016 WL 3144053, at *1 (S.D.N.Y. Apr. 11, 2016) (collecting cases). "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Arias-Zeballos v. Tan*, No. 06 CIV. 1268 (GEL), 2006 WL 3075528, at *9 (S.D.N.Y. Oct. 26, 2006) (describing motions to strike as "generally disfavored").

At this early stage in the litigation, the Court does not have strong reason to tamper with the FAC by striking the disputed paragraphs as impertinent, irrelevant, or immaterial. *Lipsky*, 551 F.2d at 893. The FAC sets forth allegations that offer relevant context of the actionable claims in this case and "provide a better understanding of the claim for relief by providing background facts." *Gierlinger v. Town of Brant*, No. 13-CV-00370 AM, 2015 WL 3441125, at *1 (W.D.N.Y. May 28, 2015) (quoting *Hoffman Motors Corp. v. Alfa Romeo S.P.A.*, 244 F.Supp. 70, 81–82 (S.D.N.Y. 1965)). "Matters should be stricken on the basis of impertinence only where the allegation bears no possible relation whatsoever to the subject matter of the litigation." *AdvanceMe, Inc. v. Lenders Int'l*, No. 11 CV 3624 VB, 2011 WL 6425488, at *2 (S.D.N.Y. Dec. 19, 2011) (quoting *Wahlstrom v. Metro–North Commuter R.R. Co.*, No. 96-CV-3589 (PKL), 1996 WL 684211, at *2 (S.D.N.Y. Nov. 25, 1996)). The Court is not inclined to strike any of the disputed paragraphs at this stage.

To the extent the paragraphs at issue contain proposed amendments to the FAC, they are not inconsistent with prior orders of this Court. In fact, the proposed amendments are largely cosmetic. For example, and contrary to Defendants' contention, where dismissed defendants JTIL, Hill, Chmielewski, and Cunningham are mentioned in the disputed paragraphs, Plaintiff has attempted to refer to them as "Messrs," as non-parties, or has even removed the "Defendant"

title from their names entirely. *See, e.g.*, PSAC ¶¶1, 16, 21, 34, 47. The PSAC also asserts no claims against JTIL, Hill, Chmielewski, and Cunningham. Thus, any causes of action in the PSAC asserted against "All Defendants" refer to the only remaining defendants: JTIS, Cohen, and Mazzullo.

The Court is confident that the Parties understand that prior orders dismissed former defendants Hill, Chmielewski, and Cunningham from this action and then declined, on futility grounds, to permit Plaintiff to amend the FAC to revive any claims against them. ECF Nos. 74, 95. The Court also previously dismissed JTIL as a defendant and then, on two occasions, declined to permit Plaintiff to amend/supplement the FAC to restore any claims against that entity. ECF Nos. 74, 95, 131. It follows from these prior orders that JTIL, Hill, Chmielewski, and Cunningham are no longer defendants in this case, and that the proposed amendments in the PSAC may not constitute actionable conduct or claims against them.

Plaintiff is hereby **ORDERED** to electronically file a clean version of the PSAC by **Tuesday, January 25, 2022**. Upon submission, the PSAC shall become the Second Amended Complaint—the operative complaint—in this case.

**SO ORDERED.**

**Dated**: January 24, 2022
    New York, New York

SO ORDERED:
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**Andrew L. Carter, Jr.**
**United States District Judge**