UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEFISSA KRAIEM,

               Plaintiff,

               -against-

JONESTRADING INSTITUTIONAL
SERVICES LLC, SHLOMO COHEN and
DAVID MAZZULLO

               Defendants.

Case No. 19-CV-5160(ALC) (SDA)

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S FIRT SET OF DOCUMENT
REQUESTS**

       Defendants JONESTRADING INSTITUTIONAL SERVICES LLC, SHLOMO COHEN and DAVID MAZZULLO ("Defendants"), by and through its attorneys, Kaufman Borgeest & Ryan LLP, hereby responds and objects to Plaintiff's First Set of Document Requests, as follows:

### GENERAL OBJECTIONS TO DOCUMENT REQUESTS

       The following General Objections are incorporated into each specific response below as if fully repeated in each response. The production of any documents by Defendant, pursuant to the Requests and these Objections and Responses shall be without prejudice to any objections Defendants may have to the relevance or admissibility of any document at any hearing or trial in this action.

       1.     Defendants objects to the Requests to the extent that they call for the production of documents that are neither relevant to the claim or defense of any party nor appear reasonably calculated to lead to the discovery of admissible evidence. Defendants object to such Requests on the grounds that the expense of the production outweighs its likely benefit.

       2.     Defendants objects to the Requests to the extent that they seek the production of documents protected from disclosure by any applicable doctrine of privilege or immunity from

disclosure, including without limitation documents developed for or in anticipation of litigation, or documents that constitute or reflect work product or attorney-client communications. Defendants will not produce such documents. The production of any documents protected by any privilege or immunity is inadvertent and shall not be deemed a waiver of any such privilege or immunity.

3.      Defendants object to the Requests to the extent that they seek confidential, sensitive, and personal information disclosure of which would invade the privacy rights of past or present employees of Defendants who are not parties to this action.

4.      Defendants generally objects to the Requests to the extent that they seek the production of documents containing confidential commercial, business, financial, proprietary or competitively sensitive documents, disclosure of which could seriously injure Defendants. Defendants is prepared to produce responsive documents containing such information in accordance with a satisfactory arrangement to protect the confidentiality of these materials, but Defendants reserves the right to assert that some discovery material are so sensitive that it should not be produced at all.

5.      Defendants generally objects to the Requests to the extent they seek the production of documents which contain confidential medical information, including documents protected by the Health Insurance Portability and Accountability Act ("HIPAA").

6.      Defendants object to the Requests, including without limitation any Definitions and Instructions contained therein, to the extent they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

7.      Defendants object to the Requests insofar as they seek documents that are not in the possession, custody, or control of Defendants or which would require Defendants to collect

8980075

documents in the possession, custody, or control of every person arguably defined in the Requests as an agent on the ground that such an undertaking is unduly burdensome, an expenditure of unnecessary time and resources, and that no such obligation is imposed on Defendants.

8.     Defendants object to the Requests to the extent that they seek publicly available documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.     Defendants object to the Requests to the extent that they seek the production of documents already in Plaintiff's possession, custody, or control.

10.    Defendants object to the Requests to the extent that they purport to require Defendants to provide or ascertain information in the possession of third parties on the grounds that such information is not within Defendants' custody or control and is, therefore, beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.  Defendants further objects on the grounds that searching for such information would be unreasonably burdensome, time consuming, and expensive and would not be reasonably calculated to lead to the discovery of admissible evidence.

11.    Defendants object to the Requests to the extent they would require Defendants to conduct an unreasonably broad and burdensome search for responsive documents, which would have only marginal relevance to the issues in this case.

12.    Defendants object to the Requests to the extent that it imposes an obligation to create documents for production to Plaintiff.  Such requirements are outside the scope of permissible discovery.

8980075

13.     Defendants' failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

14.     Defendants' response that they will produce the documents sought by a particular request does not constitute an admission that they actually possess the documents requested or that any such documents exist.

15.     Defendants reserve the right to supplement or amend these responses if further information becomes available to Defendants.

16.     Defendants reserve the right to introduce or make use of, at any hearing and at trial, documents or information not known to exist after a reasonable search undertaken to comply with the Requests, to make supplemental disclosure, and to make any further objections that may become apparent as additional documents and/or information is located during discovery and thereafter.

<u>**RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS**</u>

**Request No. 1**

**All documents, communications and/or correspondence with or concerning Plaintiff.**

Response to Request No. 1

In addition to Defendants' general objections above, Defendants specifically object to Request No. 1 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.  Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

4

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 2**

**All documents, communications and/or correspondence by and between any employees of Jones concerning Plaintiff.**

**Response to Request No. 2**

In addition to Defendants' general objections above, Defendants specifically object to Request No. 2 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 3**

**All documents concerning communications regarding Plaintiff, including, without limitation, all documents concerning any communication by any person who worked on or**

8980075

**had direct or indirect supervisory responsibility over Plaintiff concerning her work on behalf of clients, accounts, potential clients and/or potential accounts.**

Response to Request No. 3

In addition to Defendants' general objections above, Defendants specifically object to Request No. 3 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 4**

**All documents, communications and/or correspondence by and between Charlie McBride and Plaintiff.**

Response to Request No. 4

In addition to Defendants' general objections above, Defendants specifically object to Request No. 4 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

6

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 5**

**All documents, communications and/or correspondence by and between Gary Cunningham and Nick Finegold concerning Plaintiff.**

Response to Demand No. 5

In addition to Defendants' general objections above, Defendants specifically object to Request No. 5 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 6**

**All documents, communications and/or correspondence by and/or between any Jones employee and any current or former client or potential client of Jones concerning Plaintiff.**

Response to Request No. 6

In addition to Defendants' general objections above, Defendants specifically object to Request No. 6 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not

7

relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 7**

**All documents, communications and/or correspondence sent on WhatsApp by and/or between Plaintiff and any Jones employee.**

Response to Request No. 7

In addition to Defendants' general objections above, Defendants specifically object to Request No. 7 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27,

8980075

2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 8**

**All documents, communications and/or correspondence sent on WhatsApp by any Jones employee concerning Plaintiff.**

Response to Request No. 8

In addition to Defendants' general objections above, Defendants specifically object to Request No. 8 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 9**

**All documents, communications and/or correspondence between Plaintiff and Yousef Abbasi.**

Response to Request No. 9

In addition to Defendants' general objections above, Defendants specifically object to Request No. 9 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not

8980075

relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

## Request No. 10

**All documents, communications and/or correspondence by and between Plaintiff and Jones employees with human resources responsibilities.**

Response to Request No. 10

In addition to Defendants' general objections above, Defendants specifically object to Request No. 10 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

10

8980075

**Request No. 11**

      **All documents, communications and/or correspondence concerning the presence of a controlled substance at Jones.**

Response to Request No. 11

      In addition to Defendants' general objections above, Defendants will not be producing any documents responsive to Request No. 11 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 12**

      **All documents, communications and/or correspondence concerning the use and/or hiring of sex workers by Jones employees.**

Response to Request No. 12

      In addition to Defendants' general objections above, Defendants will not be producing any documents responsive to Request No. 12 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 13**

      **All documents showing the organizational structure and chains of command of Jones & Associates, Inc. For avoidance of doubt, this request includes all documents showing any changes in the organizational structure and chains of command. Further, this request includes, but is not limited to, organizational charts; rosters; directories; email lists; documents identifying departments and department heads (including any human resources department); documents identifying employees by supervisory status; documents identifying employees by title and job function; and documents identifying custodians of human resources records.**

8980075

Response to Demand No. 13

In addition to Defendants' general objections above, Defendants specifically object to Request No. 13 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents sought in Request No. 13.

## Request No. 14

**All documents showing the organizational structure and chains of command of JTIS. For avoidance of doubt, this request includes all documents showing any changes in the organizational structure and chains of command. Further, this request includes, but is not limited to, organizational charts; rosters; directories; email lists; documents identifying departments and department heads (including any human resources department); documents identifying employees by supervisory status; documents identifying employees by title and job function; and documents identifying custodians of human resources records.**

Response to Request No. 14

In addition to Defendants' general objections above, Defendants specifically object to Request No. 14 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in

8980075

Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents sought in Request No. 14.

**Request No. 15**

**All documents showing the organizational structure and chains of command of JTIL. For avoidance of doubt, this request includes all documents showing any changes in the organizational structure and chains of command. Further, this request includes, but is not limited to, organizational charts; rosters; directories; email lists; documents identifying departments and department heads (including any human resources department); documents identifying employees by supervisory status; documents identifying employees by title and job function; and documents identifying custodians of human resources records.**

Response to Request No. 15

In addition to Defendants' general objections above, Defendants specifically object to Request No. 15 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents sought in Request No. 15.

**Request No. 16**

**All JTIL employment contracts.**

Response to Request No. 16

In addition to Defendants' general objections above, Defendants will not be producing any documents responsive to Request No. 16 as Plaintiff is in possession, custody, or control of her employment contract with JTIL and the employment contracts of other JTIL employees are not relevant to any claims or defenses of any party to this action.

**Request No. 17**

**All documents concerning the location of Plaintiff's workstation in Jones' New York City office.**

Response to Request No. 17

In addition to Defendants' general objections above, Defendants specifically object to Request No. 17 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, to the extent they exist, Defendants agree to produce responsive, discoverable, and non-privileged documents sought in Request No. 17.

**Request No. 18**

**All documents concerning Plaintiff's New York City office telephone number at Jones.**

14

Response to Request No. 18

In addition to Defendants' general objections above, Defendants specifically object to Request No. 18 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, to the extent they exist, Defendants agree to produce responsive, discoverable, and non-privileged documents sought in Request No. 18.

**Request No. 19**

**All documents concerning any occasion on which Plaintiff met with clients and/or prospective clients in the United States of America.**

Response to Request No. 19

In addition to Defendants' general objections above, Defendants specifically object to Request No. 19 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

15

8980075

**Request No. 20**

      **All documents concerning the clients and/or prospective clients of Jones to which documents drafted, written, and/or prepared by Plaintiff were distributed.**

Response to Request No. 20

      In addition to Defendants' general objections above, Defendants specifically object to Request No. 20 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

      Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 21**

      **All documents concerning the clients and/or prospective clients of JTIS for which Plaintiff had any job responsibilities and/or duties.**

Response to Request No. 21

      In addition to Defendants' general objections above, Defendants specifically object to Request No. 21 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in

16

Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 22**

**All documents concerning the clients and/or prospective clients of JTIS for which Plaintiff and Mr. Cohen had any job responsibilities and/or duties.**

Response to Request No. 22

In addition to Defendants' general objections above, Defendants specifically object to Request No. 22 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 23**

**All documents concerning the clients and/or prospective clients of JTIS for which Plaintiff and Mr. Mazzullo had any job responsibilities and/or duties.**

Response to Request No. 23

In addition to Defendants' general objections above, Defendants specifically object to Request No. 23 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 24**

**All documents, communications and/or correspondence, from the date of Plaintiff's hire with Jones, forward, constituting or concerning JTIL's standardized human relations and/or employment relations forms, including, but not limited to, applications, payroll, performance evaluation and employee grievance or complaint forms.**

Response to Request No. 24

In addition to Defendants' general objections above, Defendants specifically object to Request No. 24 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not

8980075

relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Request No. 24 is vague regarding the phrase "standardized human relations and/or employment relations forms".

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 25**

**All documents, communications and/or correspondence, from the date of Plaintiff's hire with Jones, forward, constituting or concerning JTIS's standardized human relations and/or employment relations forms, including, but not limited to, applications, payroll, performance evaluation and employee grievance or complaint forms.**

Response to Request No. 25

In addition to Defendants' general objections above, Defendants specifically object to Request No. 25 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Request No. 25 is vague regarding the phrase "standardized human relations and/or employment relations forms".

Without waiving the foregoing objections, to the extent they exist, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time

8980075

period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 26**

**All documents, communications and/or correspondence, from the date of Plaintiff's hire with Jones, forward, concerning the policies and procedures for an employee working at Jones to raise a complaint of sexual harassment and/or gender discrimination, and all documents that refer or relate to any Jones procedures for investigating and addressing such complaints.**

Response to Request No. 26

In addition to Defendants' general objections above, Defendants specifically object to Request No. 26 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 27**

**All documents, communications and/or correspondence, from the date Plaintiff's hire with Jones, forward, concerning equal opportunity and discrimination training or education provided to employees at JTIS, including, but not limited to, policies, training materials, videotapes, and/or handbooks.**

8980075

Response to Request No. 27

In addition to Defendants' general objections above, Defendants specifically object to Request No. 27 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

## Request No. 28

**All documents, communications and/or correspondence, from the date of Plaintiff's hire with Jones, forward, concerning equal opportunity and discrimination training or education provided to employees at JTIL, including, but not limited to, policies, training materials, videotapes, and/or handbooks.**

Response to Request No. 28

In addition to Defendants' general objections above, Defendants specifically object to Request No. 28 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27,

21

8980075

2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 29**

**All documents from Plaintiff's hire with Jones, forward, concerning hiring policies and practices for employees at JTIS.**

Response to Request No. 29

In addition to Defendants' general objections above, Defendants specifically object to Request No. 29 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Request No. 29 is vague regarding the phrase "hiring policies and practices".

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 30**

**All documents from Plaintiff's hire with Jones, forward, concerning hiring policies and practices for employees at JTIL**

Response to Request No. 30

In addition to Defendants' general objections above, Defendants specifically object to Request No. 30 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in

8980075

Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Request No. 30 is vague regarding the phrase "hiring policies and practices".

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 31**

**All JTIS marketing materials. This request includes, but is not limited to, information posted on Jones's website.**

Response to Request No. 31

In addition to Defendants' general objections above, Defendants specifically object to Request No. 31 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 32**

**All JTIL marketing materials. This request includes, but is not limited to, information posted on Jones's website**

8980075

Response to Request No. 32

In addition to Defendants' general objections above, Defendants specifically object to Request No. 32 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 33**

**All documents, communications and/or correspondence concerning the ownership of Jones & Associates, Inc.**

Response to Request No. 33

In addition to Defendants' general objections above, Defendants specifically object to Request No. 33 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017.

24

**Request No. 34**

**All documents, communications and/or correspondence concerning the ownership of JTIS.**

Response to Demand No. 34

In addition to Defendants' general objections above, Defendants specifically object to Request No. 33 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017.

**Request No. 35**

**All documents, communications and/or correspondence concerning the ownership of JTIL**

Response to Request No. 35

In addition to Defendants' general objections above, Defendants specifically object to Request No. 33 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017.

**Request No. 36**

**All documents, communications and/or correspondence concerning the management of Jones & Associates, Inc.**

Response to Demand No. 36

In addition to Defendants' general objections above, Defendants specifically object to Request No. 36 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 36 is vague regarding the term "management". Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

26

**Request No. 37**

**All documents, communications and/or correspondence concerning the management of JTIS.**

Response to Request No. 37

In addition to Defendants' general objections above, Defendants specifically object to Request No. 37 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 37 is vague regarding the term "management". Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 38**

**All documents, communications and/or correspondence concerning the management of JTIL**

Response to Request No. 38

In addition to Defendants' general objections above, Defendants specifically object to Request No. 38 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in

27

Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 38 is vague regarding the term "management". Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 39**

**All documents, communications and/or correspondence concerning the members of Jones & Associates, Inc.**

Response to Request No. 39

In addition to Defendants' general objections above, Defendants specifically object to Request No. 39 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 39 is vague as to what documents it actually seeks. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27,

2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 40**

**All documents, communications and/or correspondence concerning the members of JTIS's Board of Directors.**

Response to Request No. 40

In addition to Defendants' general objections above, Defendants specifically object to Request No. 40 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 40 is vague as to what documents it actually seeks. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 41**

All documents, communications and/or correspondence concerning the members of JTIL's Board of Directors.

Response to Request No. 41

In addition to Defendants' general objections above, Defendants specifically object to Request No. 41 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 41 is vague as to what documents it actually seeks. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 42**

All documents, communications and/or correspondence concerning meetings of the Jones & Associates, Inc. Board of Directors.

Response to Request No. 42

In addition to Defendants' general objections above, Defendants specifically object to Request No. 42 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in

8980075

Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 43**

**All documents, communications and/or correspondence concerning meetings of the JTIS Board of Directors.**

Response to Request No. 43

In addition to Defendants' general objections above, Defendants specifically object to Request No. 43 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 44**

**All documents, communications and/or correspondence concerning meetings of the JTIL Board of Directors.**

Response to Demand No. 44

In addition to Defendants' general objections above, Defendants specifically object to Request No. 44 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 45**

**All documents, communications and/or correspondence concerning Plaintiff's recruitment, hiring and onboarding as an employee of Jones, including, but not limited to: job applications; resumes; offer letters; reference letters; assignment and/or provision of employee email and telephone accounts; policies, handbooks and security protocols; and/or any other communication concerning recruiting, hiring and onboarding of Plaintiff**

8980075

Response to Request No. 45

In addition to Defendants' general objections above, Defendants specifically object to Request No. 45 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 46**

**All documents, communications and/or other correspondence constituting or concerning Plaintiff's personnel file at Jones.**

Response to Request No. 46

In addition to Defendants' general objections above, Defendants specifically object to Request No. 46 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Request No. 46 is vague as to the phrase "personnel file". Further, Defendants object to this request as overly broad and unduly

33

burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 47**

**All documents concerning Plaintiff's job responsibilities, reporting line, functions, and/or duties at Jones**

Response to Request No. 47

In addition to Defendants' general objections above, Defendants specifically object to Request No. 47 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 48**

All documents concerning any communication, formally or informally, criticizing, reprimanding, disciplining or otherwise evaluating or assessing Plaintiff's work performance.

Response to Request No. 48

In addition to Defendants' general objections above, Defendants specifically object to Request No. 48 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 49**

All documents concerning the termination of Plaintiff's employment, including, without limitation, all documents concerning any decision to terminate Plaintiff's employment and all documents concerning communications regarding the potential or actual termination of Plaintiff's employment.

8980075

Response to Demand No. 49

In addition to Defendants' general objections above, Defendants specifically object to Request No. 49 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 50**

**All documents, communications and/or other correspondence constituting or concerning Mary Moser's personnel file at Jones.**

Response to Demand No. 50

In addition to Defendants' general objections above, Defendants specifically object to Request No. 50 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

8980075

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 50 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 51**

**All documents concerning Mary Moser's job responsibilities, reporting line, functions, and/or duties at Jones**

Response to Demand No. 51

In addition to Defendants' general objections above, Defendants specifically object to Request No. 51 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 51 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 52**

**All documents, communications and/or correspondence concerning Mary Moser's email address and email signature line.**

Response to Demand No. 52

In addition to Defendants' general objections above, Defendants specifically object to Request No. 52 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not

37

relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 52 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 53**

**All documents, communications and/or correspondence by and/or between Plaintiff and Mary Moser**

Response to Demand No. 53

In addition to Defendants' general objections above, Defendants specifically object to Request No. 53 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 54**

All documents, communications and/or correspondence by and/or between Mary Moser and anyone else concerning Plaintiff.

Response to Demand No. 54

In addition to Defendants' general objections above, Defendants specifically object to Request No. 54 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 55**

All documents, communications and/or correspondence by and/or between Mary Moser and anyone else at Jones concerning any sexually harassing, discriminatory, abusive, inappropriate or unwelcome behavior toward any woman; any complaints about such conduct; and/or the grievances and/or allegations at issue in this litigation

Response to Demand No. 55

In addition to Defendants' general objections above, Defendants specifically object to Request No. 55 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not

8980075

relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 56**

**All documents concerning or constituting communications and/or correspondence concerning sexually harassing, discriminatory, abusive, inappropriate or unwelcome behavior at Jones; any complaints about such conduct; and/or the grievances and allegations at issue in this litigation.**

Response to Demand No. 56

In addition to Defendants' general objections above, Defendants specifically object to Request No. 56 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 57**

**All documents, communications and/or correspondence identifying, concerning, responding to, or constituting formal administrative charges and/or judicial complaints about any Jones employee's behavior, filed by anyone.**

Response to Demand No. 57

In addition to Defendants' general objections above, Defendants specifically object to Request No. 57 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 58**

**All documents, communications and/or correspondence, from the date of Plaintiff's hire with Jones forward, provided by Jones to administrative agencies, courts,**

8980075

**tribunals, investigators, insurance companies in response to formal or informal administrative charges and/or complaints identified in response to any of the instant document demands. This request includes, but is not limited to, any documents, communications and/or correspondence provided by Jones to administrative agencies, courts, tribunals, investigators, insurance companies in response to Plaintiff's complaints and/or allegations.**

Response to Request No. 58

In addition to Defendants' general objections above, Defendants specifically object to Request No. 58 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 59**

**All documents, communications and/or correspondence, from the date of Plaintiff's hire with Jones forward, provided by administrative agencies, courts, tribunals, investigators, and/or insurance companies to Jones. This request includes, but is not limited to, any documents, communications and/or correspondence provided by Jones to**

8980075

**administrative agencies, courts, tribunals, investigators, insurance companies in response to Plaintiff's complaints and/or allegations.**

Response to Request No. 59

In addition to Defendants' general objections above, Defendants specifically object to Request No. 59 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 60**

**All documents, communications and/or other correspondence concerning Mr. Cohen's personnel file at Jones.**

Response to Request No. 60

In addition to Defendants' general objections above, Defendants specifically object to Request No. 60 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

43

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 61**

**All documents concerning Mr. Cohen job responsibilities, reporting line, functions, and/or duties at Jones**

Response to Request No. 61

In addition to Defendants' general objections above, Defendants specifically object to Request No. 61 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 62**

**All documents, communications and/or correspondence concerning formal or informal complaints, in any form, about Mr. Cohen's behavior, including, but not limited to, inappropriate or unwelcome speech or communications; bullying; abuse; romantic overtures; physical contact; behavior influenced by the consumption of**

44

**alcohol; sexual harassment and/or gender discrimination of any sort; and retaliation or threats of retaliation of any sort**.

Response to Request No. 62

In addition to Defendants' general objections above, Defendants specifically object to Request No. 62 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 63**

**All documents, communications and/or other correspondence constituting or concerning Mr. Mazzullo's personnel file at Jones**

Response to Request No. 63

In addition to Defendants' general objections above, Defendants specifically object to Request No. 63 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

45

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 64**

**All documents concerning Mr. Mazzullo's job responsibilities, reporting line, functions, and/or duties at Jones**

Response to Request No. 64

In addition to Defendants' general objections above, Defendants specifically object to Request No. 64 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 65**

**All documents, communications and/or correspondence concerning formal or informal complaints, in any form, about Mr. Mazzullo's behavior, including, but not limited to, inappropriate or unwelcome speech or communications; bullying; abuse; romantic**

46

**overtures; physical contact; behavior influenced by the consumption of alcohol; sexual harassment and/or gender discrimination of any sort; and retaliation or threats of retaliation of any sort**

Response to Request No. 65

In addition to Defendants' general objections above, Defendants specifically object to Request No. 65 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

## Request No. 66

**All documents, communications and/or other correspondence concerning John D'Agostini's personnel file at Jones.**

Response to Request No. 66

In addition to Defendants' general objections above, Defendants specifically object to Request No. 66 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and

8980075

(v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 67**

**All documents concerning John D'Agostini's job responsibilities, reporting line, functions, and/or duties at Jones.**

Response to Request No. 67

In addition to Defendants' general objections above, Defendants specifically object to Request No. 46 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 68**

All documents, communications and/or correspondence concerning formal or informal complaints, in any form, about John D'Agostini's behavior, including, but not limited to, inappropriate or unwelcome speech or communications; bullying; abuse; romantic overtures; physical contact; behavior influenced by the consumption of alcohol; sexual harassment and/or gender discrimination of any sort; and retaliation or threats of retaliation of any sort.

Response to Request No. 68.

In addition to Defendants' general objections above, Defendants specifically object to Request No. 68 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

8980075

**Request No. 69**

All documents, communications and/or other correspondence concerning Gary Cunningham's personnel file at Jones.

Response to Request No. 69

In addition to Defendants' general objections above, Defendants specifically object to Request No. 69 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 70**

All documents concerning Gary Cunningham's job responsibilities, reporting line, functions, and/or duties at Jones

Response to Request No. 70

In addition to Defendants' general objections above, Defendants specifically object to Request No. 46 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and

8980075

(v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 71**

**All documents, communications and/or correspondence concerning formal or informal complaints, in any form, about Gary Cunningham's behavior, including, but not limited to, inappropriate or unwelcome speech or communications; bullying; abuse; romantic overtures; physical contact; behavior influenced by the consumption of alcohol; sexual harassment and/or gender discrimination of any sort; and retaliation or threats of retaliation of any sort.**

Response to Request No. 71

In addition to Defendants' general objections above, Defendants specifically object to Request No. 70 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 72**

**All documents, communications and/or other correspondence concerning Alan Hill's personnel file at Jones.**

Response to Request No. 72

In addition to Defendants' general objections above, Defendants specifically object to Request No. 72 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 72 as it seeks documents not relevant to any claims or defenses of any party to this action.

8980075

**Request No. 73**

**All documents concerning Alan Hill's job responsibilities, reporting line, functions, and/or duties at Jones**

Response to Request No. 73

In addition to Defendants' general objections above, Defendants specifically object to Request No. 73 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 74**

**All documents, communications and/or correspondence concerning formal or informal complaints, in any form, about Alan Hill's behavior, including, but not limited to, inappropriate or unwelcome speech or communications; bullying; abuse; romantic overtures; physical contact; behavior influenced by the consumption of alcohol; sexual harassment and/or gender discrimination of any sort; and retaliation or threats of retaliation of any sort.**

8980075

Response to Request No. 74

In addition to Defendants' general objections above, Defendants specifically object to Request No. 74 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 74 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 75**

**All documents, communications and/or other correspondence concerning Steve Chmielewski's personnel file at Jones.**

Response to Request No. 75

In addition to Defendants' general objections above, Defendants specifically object to Request No. 75 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

8980075

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 75 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 76**

**All documents concerning Steve Chmielewski's job responsibilities, reporting line, functions, and/or duties at Jones.**

Response to Request No. 76

In addition to Defendants' general objections above, Defendants specifically object to Request No. 76 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 77**

**All documents, communications and/or correspondence concerning formal or informal complaints, in any form, about Steve Chmielewski's behavior, including, but not limited to, inappropriate or unwelcome speech or communications; bullying; abuse; romantic overtures; physical contact; behavior influenced by the consumption of alcohol;**

55

**sexual harassment and/or gender discrimination of any sort; and retaliation or threats of retaliation of any sort.**

Response to Request No. 77

In addition to Defendants' general objections above, Defendants specifically object to Request No. 77 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 77 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 78**

**All documents, communications and/or correspondence concerning the Jones event held in Dallas, Texas between on or about April 27, 2017 until on or about April 30, 2017.**

Response to Request No. 78

In addition to Defendants' general objections above, Defendants specifically object to Request No. 78 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; and (iv) is not proportional to the needs of the case. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in Dallas, Texas.

**Request No. 79**

**All documents, communications and/or correspondence concerning the hotel that Plaintiff stayed in while at the Jones event held in Dallas, Texas between on or about April 27, 2017 until on or about April 30, 2017.**

Response to Request No. 79

In addition to Defendants' general objections above, Defendants specifically object to Request No. 79 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; and (iv) is not proportional to the needs of the case. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving alleged events in Dallas, Texas.

**Request No. 80**

**All documents, communications and/or correspondence concerning any Jones employees who went to a strip club in Dallas, Texas between on or about April 27, 2017. This request includes, but is not limited to, any and all documents, communications and/or correspondence concerning what transpired at the strip club.**

57

8980075

Response to Request No. 80

In addition to Defendants' general objections above, Defendants specifically object to Request No. 80 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; and (iv) is not proportional to the needs of the case. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 80 as it seeks documents not relevant to any claims or defenses of any party to this action.

**Request No. 81**

**All documents, communications and/or correspondence concerning Plaintiff's relationship with Tim O'Neil. This request includes, but is not limited to, communications by and/or between Mr. O'Neil any anyone else about his relationship with Plaintiff.**

Response to Request No. 81

In addition to Defendants' general objections above, Defendants specifically object to Request No. 81 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants will not be producing any documents responsive to Request No. 81 as it seeks documents not relevant to any claims or defenses of any party to this action.

8980075

**Request No. 82**

All documents, communications and/or correspondence concerning Plaintiff's visit to New York between July 10, 2017 and July 16, 2017. This request includes, but is not limited to, any and all documents, communications and/or correspondence concerning what transpired during that trip.

Response to Request No. 82

In addition to Defendants' general objections above, Defendants specifically object to Request No. 82 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from July 10, 2017 through July 16, 2017 and involving alleged events in New York, New York.

**Request No. 83**

All documents, communications and/or correspondence concerning Plaintiff's and Mr. Cunningham's visit to a bar on or about July 11, 2017 in New York City. This request includes, but is not limited to, any and all documents, communications and/or correspondence concerning what transpired at that bar.

59

8980075

Response to Request No. 83

 In addition to Defendants' general objections above, Defendants specifically object to Request No. 83 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

 Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from July 10, 2017 through July 16, 2017 and involving alleged events in New York, New York.

**Request No. 84**

 **All documents, communications and/or correspondence concerning Plaintiff's and Mr. Cohen's visit to a bar on or about July 14, 2017 in New York City. This request includes, but is not limited to, any and all documents, communications and/or correspondence concerning what transpired at that bar.**

Response to Request No. 84

 In addition to Defendants' general objections above, Defendants specifically object to Request No. 84 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location. Further, Defendants object to this request as

8980075

overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from July 14, 2017 through July 16, 2017 and involving alleged events in New York, New York.

**Request No. 85**

**All documents, communications and/or correspondence concerning photographs Gary Cunningham took of Plaintiff in or around July 2017**

Response to Request No. 85

In addition to Defendants' general objections above, Defendants specifically object to Request No. 85 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from July 10, 2017 through July 16, 2017 and involving alleged events in New York, New York.

**Request No. 86**

**All documents identified or referenced in Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26.**

Response to Request No. 86

In addition to Defendants' general objections above, Defendants specifically object to Request No. 86 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not

8980075

relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 86.

**Request No. 87**

**All documents referenced in and/or upon which Defendants relied in preparing the Answer.**

Response to Request No. 87

In addition to Defendants' general objections above, Defendants specifically object to Request No. 87 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 87.

**Request No. 88**

**All documents referenced in and/or upon which Defendants relied in preparing the Position Statement**.

Response to Request No. 88

In addition to Defendants' general objections above, Defendants specifically object to Request No. 88 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in

8980075

Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 88.

## Request No. 89

**All documents referenced in and/or upon which Defendants relied in preparing the Motions.**

Response to Request No. 89

In addition to Defendants' general objections above, Defendants specifically object to Request No. 89 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 89.

## Request No. 90

**All documents concerning any of Defendants' Affirmative Defenses in the Answer.**

Response to Request No. 90

In addition to Defendants' general objections above, Defendants specifically object to Request No. 90 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 90.

**Request No. 91**

**All documents upon which Defendants may rely at trial, in deposition, or on dispositive motion in this action.**

Response to Request No. 91

In addition to Defendants' general objections above, Defendants specifically object to Request No. 91 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 91.

**Request No. 92**

**All affidavits, sworn statements, notes, and other documents sent to, received from or otherwise relating to any person Defendants intend to call as a witness at trial, either in person, through deposition testimony or through an affidavit.**

Response to Request No. 92

In addition to Defendants' general objections above, Defendants specifically object to Request No. 92 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

64

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 92.

**Request No. 93**

**All affidavits, sworn statements, and communications relating to the allegations in the Second Amended Complaint**

Response to Request No. 93

In addition to Defendants' general objections above, Defendants specifically object to Request No. 93 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 93.

**Request No. 94**

**All documents that contain or otherwise concern facts that Defendants contend confirms or refutes, in any way, any of the allegations in the Second Amended Complaint.**

Response to Request No. 94

In addition to Defendants' general objections above, Defendants specifically object to Request No. 94 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 94.

**Request No. 95**

**All documents upon which Defendants relied in preparing its responses to Plaintiff's First Set of Interrogatories to Defendant JonesTrading Institutional Services LLC.**

Response to Request No. 95

In addition to Defendants' general objections above, Defendants specifically object to Request No. 95 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 95.

**Request No. 96**

**All documents upon which Defendants relied in preparing its responses to Plaintiff's First Set of Interrogatories to Defendant Shlomo Cohen**

Response to Request No. 96

In addition to Defendants' general objections above, Defendants specifically object to Request No. 96 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 96.

**Request No. 97**

**All documents upon which Defendants relied in preparing its responses to Plaintiff's First Set of Interrogatories to Defendant David Mazzullo.**

Response to Request No. 97

In addition to Defendants' general objections above, Defendants specifically object to Request No. 97 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 97.

**Request No. 98**

**All documents concerning any claim or allegation asserted by Plaintiff in this action, including, without limitation, all documents concerning communications with, and/or statements of, witnesses regarding any claim or allegation in this action.**

Response to Request No. 98

In addition to Defendants' general objections above, Defendants specifically object to Request No. 98 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

67

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 98.

**Request No. 99**

**All documents concerning any defense or allegations that may be asserted by Defendants in this action, including, without limitation, all documents concerning communications with, and/or statements of, witnesses regarding any defense or allegation that may be asserted by Defendants in this action.**

Response to Request No. 99

In addition to Defendants' general objections above, Defendants specifically object to Request No. 99 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 99.

**Request No. 100**

**All documents concerning Plaintiff other than those requested in other document requests herein.**

Response to Request No. 100

In addition to Defendants' general objections above, Defendants specifically object to Request No. 100 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v)

8980075

is not limited by any time period or location.  Further, Defendants object to this request as overly broad and unduly burdensome to the extent that Plaintiff has failed to identify any custodians and/or relevant search terms.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents limited in scope to the time period from April 27, 2017 through July 16, 2017 and involving New York, New York; Dallas, Texas; and/or Greenwich, Connecticut.

**Request No. 101**

**All documents describing Defendants' document storage and/or retention policies, practices and/or procedures, including, without limitation, all documents concerning the practices, policies, procedures and/or systems used by Defendants for the retention, transmittal, sharing and/or retrieval of electronically-stored information**

Response to Request No. 101

In addition to Defendants' general objections above, Defendants specifically object to Request No. 101 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 101.

**Request No. 102**

**All documents describing JTIL's document storage and/or retention policies, practices and/or procedures, including, without limitation, all documents concerning the**

8980075

**practices, policies, procedures and/or systems used by Defendants for the retention, transmittal, sharing and/or retrieval of electronically-stored information**

Response to Request No. 102

      In addition to Defendants' general objections above, Defendants specifically object to Request No. 102 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

      Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 102.

**Request No. 103**

      **All documents describing Jones & Associates, Inc.'s document storage and/or retention policies, practices and/or procedures, including, without limitation, all documents concerning the practices, policies, procedures and/or systems used by Defendants for the retention, transmittal, sharing and/or retrieval of electronically-stored information**

Response to Request No. 103

      In addition to Defendants' general objections above, Defendants specifically object to Request No. 101 because it: (i) is overbroad and unduly burdensome; (ii) seeks documents not relevant to the claims or defenses of any party to this action; (iii) seeks information already in Plaintiff's possession, custody or control; (iv) is not proportional to the needs of the case; and (v) is not limited by any time period or location.

8980075

Without waiving the foregoing objections, Defendants agree to produce responsive, discoverable, and non-privileged documents requested in Request No. 102.

**DEFENDANTSS EXPRESSLY RESERVE THE RIGHT TO SUPPLEMENT OR AMEND THESE RESPONSES PRIOR TO CLOSURE OF DISCOVERY AS MAY BE APPROPRIATE AND NECESSARY.**

Dated: July 20, 2023
        New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

_____
Joan M. Gilbride
875 3rd Ave, 5th Floor
New York, New York 10022
Telephone: (212) 980-9600
Facsimile: (212) 980-9291
Email: jgilbride@kbrlaw.com
*Attorneys for Defendants*

To:     Robert B. Stulberg
        Zachary R. Bergman
        STULBERG & WALSH, LLP
        *Attorneys for Plaintiff*
        14 Wall Street, Suite 5G
        New York, New York 10005

8980075