UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nefissa Kraiem,

                Plaintiff,

-against-

JonesTrading Institutional Services LLC, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/06/2024

1:19-cv-05160 (JHR) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiff's cross-motion to compel Defendants to produce numerous categories of documents. (*See* Pl.'s 1/3/24 Ltr., ECF No. 188, at 2-3.) For the reasons set forth below, Plaintiff's cross-motion is DENIED.

**BACKGROUND**

The deadline for fact discovery in this case (which was filed in May 2019) was January 3, 2024.[1] (*See* 10/27/23 Order, ECF No. 177, ¶ 4.) On December 27, 2023, one week prior to the deadline, Defendants filed a motion to compel the production of a discrete set of documents, *i.e.*, WhatsApp communications between Plaintiff and Abassi that Plaintiff had omitted from her production. (*See* Defs.' 12/27/23 Ltr. Mot., ECF No. 184.)[2] On January 2, 2024, the day before the fact discovery deadline, Plaintiff filed her response to Defendants' Letter Motion and added

---

[1] The October 27 Order indicated that the Court was granting "[o]ne final extension" of the fact discovery deadlines, *i.e.*, until January 3, 2024. (10/27/23 Order ¶ 4; *see also* 10/27/23 Tr., ECF No. 178, at 32 ("The Court -- and I might add reluctantly, extends fact discovery to January 3, 2024 and the deadline for expert discovery until February 5, 2024. Those are the dates when all court-sanctioned discovery shall be completed.").)

[2] Defendants' Letter Motion thereafter was granted by the Court on the last day of fact discovery. (*See* 1/3/24 Order, ECF No. 190.)

to that response a cross-motion to compel Defendants to produce numerous categories of documents, *i.e.*, in response to Request Nos. 1-5, 13-14, 17, 22-26 and 28-29 of Plaintiff's Second Request for the Production of Documents. (*See* Pl.'s 1/3/24 Ltr. at 2-3.)[3] It is that cross-motion that now is before the Court.

## LEGAL STANDARDS

During the October 27, 2023 telephone conference, at which the final fact discovery deadline was set, the Court articulated the legal standards that it now applies to Plaintiff's cross-motion:

> Under Rule 26(b)(1) [of the Federal Rules of Civil Procedure], parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case . . . [c]onsidering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
>
> The Court is vested with discretion in determining what is proportional to the needs of the case. At this late stage of the discovery process, in a four-year old case, the Court only shall order production of documents it finds important the limited issues at stake in this case.

(10/27/23 Tr. at 29-30.)

## DISCUSSION

Having carefully considered the parties' submissions (ECF Nos. 188, 191 and 192), the Court, in its discretion, denies Plaintiff's cross-motion on the basis that it seeks documents that are not proportional to the needs of the case. Surely, if Plaintiff considered these documents to

---

[3] Plaintiff's reply letter, filed on January 5, 2024, also refers to Request No. 19 of Plaintiff's Second Request (*see* Pl.'s 1/5/24 Reply, ECF No. 192, at 1), but Request No. 19 is not referred to in Plaintiff's January 3 letter containing her cross-motion. (*See* Pl.'s 1/3/24 Ltr. at 2-3.)

2

be important, she would not have waited to compel their production until the day before the fact discovery deadline and only in response to a motion to compel made by Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's cross-motion is DENIED.

**SO ORDERED.**

Dated: New York, New York
January 6, 2024

_____
STEWART D. AARON
United States Magistrate Judge